IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER M. HUNT, SR., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:14-CV-3649-RWS |
| NATIONSTAR MORTGAGE : | |
| LLC, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |
| : | |

**ORDER**

This case comes before the Court on Plaintiff's Motion for Reconsideration [41]. After reviewing the record, the Court enters the following Order.

**Background**

This case arises out of Plaintiff's attempt to halt the allegedly wrongful foreclosure of his home. (See Compl., Dkt. [1-1] at 3.) In 2006, Plaintiff obtained a $540,000 loan from Homecomings Financial LLC ("Homecomings"), which was secured with property located at 1920 Anastasia Lane, Atlanta, Georgia 30341 ("the Property"). (Id. at 17, 20.) As

AO 72A
(Rev.8/82)

consideration for the loan, Plaintiff executed a security deed granting MERS a security interest in the Property. (Security Deed, Dkt. [1-2] at 4-15.) At some point, the note or security deed was assigned to Defendant Nationstar Mortgage LLC ("Nationstar"). (Compl., Dkt. [1-1] at 3.)

Plaintiff alleges that, at the closing on the Property, the closing attorney gave him a Truth in Lending document that raised Plaintiff's concern about his interest rate. (Id. at 5.) The document allegedly stated up front that his interest rate would not increase for at least a year, but it also contained a clause—buried within the hundred page document—that the mortgage rate "may" increase. (Id.) When Plaintiff asked the closing attorney about this clause, he apparently told Plaintiff that the "may increase" language was just boilerplate and that the interest rate would remain the same for at least a year. (Id.) But that is not what happened. Instead, Plaintiff claims that the interest rate increased within three months of the closing, causing him to default. (Id.) Defendants[1] then sought to foreclose on Plaintiff's Property and retained

---

[1] The role of Defendant Deutsche Bank National Trust Companies ("Deutsche Bank") is not entirely clear from the Complaint, but presumably Plaintiff includes it as one of the "Mortgage Companies" that were "trying to improperly foreclose after their illegal and unethical acts." (Id. at 3.)

Defendant Albertelli Law as their attorneys to handle the foreclosure. (Id. at 2.)

Plaintiff filed his Complaint in DeKalb County Superior Court on August 29, 2014, alleging mortgage fraud, dual tracking, breach of contract, and seeking injunctive relief. (Id.) On November 12, 2014, Defendants Nationstar and Deutsche Bank removed the case to this Court on the grounds of diversity jurisdiction. (Notice of Removal, Dkt. [1] at 2.) Soon after, they filed a motion to dismiss [5]. Plaintiff then filed two motions to remand [9, 24], two motions for sanctions [26, 28], and a motion for reconsideration [20].

On July 27, 2015, Magistrate Judge Alan J. Baverman issued a Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's motions and that it grant Defendants' motion to dismiss. (Dkt. [35].) In his R&R, Judge Baverman thoroughly explained his findings. First, he explained that remand was not proper: Defendant Albertelli Law was fraudulently joined and Defendants Nationstar and Deutsche Bank were diverse from Plaintiff, so the Court had diversity jurisdiction. Second, he explained that dismissal was proper because Plaintiff did not properly serve Defendants; his Complaint was a shotgun pleading; and Plaintiff's claims for fraud and breach of contract were

3

time barred.  After reviewing Plaintiff's objections, the Court adopted Judge Baverman's R&R in full.  (Dkt. [39].)  Plaintiff now moves for reconsideration.

## Discussion

### I.   Legal Standard

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary."  LR 7.2(E), N.D. Ga.  Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact."  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).  A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind."  Id. at 1259.  Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation."  Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001).  Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the

4

court on how the court 'could have done it better' the first time." <u>Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs</u>, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), <u>aff'd</u>, 87 F.3d 1242 (11th Cir. 1996).

## II.    Analysis

While it is not clear from the face of his motion, Plaintiff indicates in his reply that he seeks reconsideration because he believes the Court made a clear error of law in adopting the R&R [35].  (Pl.'s Reply Br., Dkt. [44] at 2.)[2]  His arguments appear to be limited to the Court's decision to grant Defendants' motion to dismiss and to deny his motions to remand.  Thus, the Court will frame its discussion around those motions.

### <u>A.</u>    <u>Defendants' Motion to Dismiss</u>

Plaintiff first argues that the Court improperly dismissed his Complaint because he did in fact effect service on Defendants.  (Pl.'s Mot. for Recons., Dkt. [41] at 2-3.)  Yet this is not the first time Plaintiff has argued that service was proper.  Prior to removal, Plaintiff filed a motion for default judgment that the Court denied because no return of service appeared in the record and

---

[2] Plaintiff's reply is not styled as a reply, but is titled "Corrected Plaintiff's Objections to Defendants Response with Cites of Law."  Nonetheless, Plaintiff clearly intended this filing to serve as a reply, so the Court will construe it in that way.

5

because Defendants made an unopposed argument that they were never properly served. (Dkt. [10].) Plaintiff filed a motion for reconsideration and directed the Court to exhibits that detailed his efforts to serve Defendants. (See Dkt. [11] at 2.) After reviewing those exhibits, the Court concluded that they did not establish proper service upon Defendants and therefore denied Plaintiff's motion for reconsideration. (See Dkt. [19] at 2.) Without presenting any new evidence, Plaintiff now makes the same argument in yet another motion for reconsideration. Because the Court has heard Plaintiff's argument before, it is not a legitimate basis for reconsideration. Bryan, 246 F. Supp. 2d at 1259 (finding that motions for reconsideration are inappropriate when they merely contain "arguments already heard and dismissed"). Even if it were, Plaintiff offers nothing new that would change the Court's previous conclusion.

What is more, Defendants explicitly argued Plaintiff's failure to effect service as a ground for dismissal in their motion to dismiss. While Plaintiff filed a response, it did not touch on that particular argument. Still, instead of deeming Defendants' argument unopposed, Judge Baverman meticulously explained why Plaintiff's efforts at service were insufficient and drew the

6

conclusion that the Court should dismiss his Complaint for failure to effect service. (Dkt. [35] at 19-25.) Thus, the Court has explained its conclusion that Defendants were not properly served on at least two occasions. Because the Court has heard and ruled on Plaintiff's argument before, it cannot carry a motion for reconsideration.

### B. Plaintiff's Motions to Remand

Plaintiff next advances three reasons why the Court committed a clear error of law in denying his motions to remand. First, he argues that Defendant Albertelli Law never consented to removal, so Defendants failed to meet the unanimity rule. (Pl.'s Mot. for Recons., Dkt. [41] at 3.) Under the unanimity rule, a notice of removal is not effective unless all defendants consent to and join the notice. See Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1207 (11th Cir. 2008). Plaintiff's argument fails, however, because only those defendants "who have been properly joined and served" must give their consent for removal. 28 U.S.C. § 1446(b)(2)(A). Here, Judge Baverman properly found that Defendant Albertelli Law was: (1) fraudulently joined; and (2) not properly served. Thus, Defendants Nationstar and Deutsche Bank did not need Defendant Albertelli Law's consent to remove this case. See Gardner

7

v. TBO Capital LLC, 986 F. Supp. 2d 1324, 1331 (N.D. Ga. 2013) (holding that defendants who are not properly served need not consent to removal); Diaz v. Kaplan Univ., 567 F. Supp. 2d 1394, 1402 (S.D. Fla. 2008) (noting that fraudulently joined defendants need not consent to removal).

Second, Plaintiff argues that Defendants waited too long to file their notice of removal. (Pl.'s Mot. for Recons., Dkt. [41] at 4.) Indeed, "[t]he notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b)(1). Based on this language, Plaintiff argues that Defendants acted too late because he served them sometime in September 2014 yet they did not file their notice of removal until November 12, 2014—well after the 30 day window had closed. This argument, however, also fails.

The Supreme Court has held that the 30 day window set out in § 1446(b)(1) is not triggered until the plaintiff serves the defendant with both the summons and the complaint. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999). Here, contrary to Plaintiff's claim, Plaintiff did not properly serve Defendants in September 2014. In fact, as discussed above, Plaintiff has not properly served Defendants at all. Because

Plaintiff has never served Defendants with both the summons and the Complaint, the 30 day window set out in § 1446(b)(1) never began. See Gardner, 986 F. Supp. 2d at 1331 (finding that the 30 day removal window never started running when the defendant was never served with process). Thus, Defendants' notice of removal on November 12, 2014, was timely. Id.; see also Whitehurst v. Wal-Mart, 306 F. App'x 446, 448 (11th Cir. 2008) ("[N]othing in the removal statute, or any other legal provision, requires that a defendant be served with the complaint before filing a notice of removal."); Delgado v. Shell Oil Co., 231 F.3d 165, 177 (5th Cir. 2000) ("Generally, service of process is not an absolute prerequisite to removal.").

Finally, Plaintiff argues that Defendants could not remove this case at all because Defendant Nationstar is a citizen of Georgia. (Pl.'s Mot. for Recons., Dkt. [41] at 4.) Plaintiff is correct that a case that is otherwise removable on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); Henderson v. Washington Nat. Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006). But removal was proper in this case. A review of Defendants' Corporate Disclosure

9

Statement [2] and Notice of Removal [1] reveals that Defendant Nationstar is not a citizen of Georgia.  Thus, Defendant Nationstar's citizenship would not prohibit the removal of this case under 28 U.S.C. § 1441(b)(2).

## Conclusion

For the reasons above, Plaintiff has failed to show that the Court committed a clear error of law in adopting the R&R [35].  Thus, Plaintiff's Motion for Reconsideration [41] is **DENIED**.

**SO ORDERED**, this 19th day of April, 2016.

_____
**RICHARD W. STORY**
United States District Judge